Daniel B Chammas, Bar No. 204825
dchammas@fordharrison.com
Hilda Aguilar, Bar No. 276459
haguilar@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile:  (213) 237-2401

Attorneys for Defendant
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FE PALOMIQUE, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>QUEST DIAGNOSTICS<br>CLINICAL LABORATORIES,<br>INC., a Delaware corporation dba<br>QUEST DIAGNOSTICS; and DOES<br>1-50, inclusive,,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28<br>U.S.C. §§ 1332, 1441(b) AND 1446 BY<br>DEFENDANT**<br><br>Complaint Filed: April 4, 2017<br>Removal Filed:    May 17, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

PLEASE TAKE NOTICE that Defendant Quest Diagnostics Clinical Laboratories, Inc. ("QDCL") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is based upon the following grounds:

///

///

- 1 -

## PLEADINGS, PROCESS, AND ORDERS

1. On April 4, 2017, Plaintiff Fe Palomique ("Plaintiff") filed this action against Defendant QDCL in the Superior Court of California, for the County of Los Angeles, entitled "*Fe Palomique v. Quest Diagnostics Clinical Laboratories, Inc. dba Quest Diagnostics*," Case No. BC656483. A true and correct copy of the Complaint is attached to the Declaration of Daniel Chammas as **Exhibit A.** QDCL accepted service of the Complaint by signing an acknowledgment of receipt on April 18, 2017. (Declaration of Daniel Chammas ["Chammas Decl."], ¶ 2.)

2. True and correct copies of the Summons and Civil Case Cover Sheet for the Complaint were filed on April 4, 2017, are attached to the Declaration of Daniel Chammas as **Exhibit B.**

3. A true and correct copy of the Notice of Case Management Conference filed by the clerk on April 26, 2017, is attached to the Declaration of Daniel Chammas as **Exhibit C.**

4. A true and correct copy of the Notice of the Order to Show Cause Hearing filed by Plaintiff on May 3, 2017, is attached to the Declaration of Daniel Chammas as **Exhibit D.**

5. A true and correct copy of the Notice of Case Management Conference filed by Plaintiff on May 3, 2017, is attached to the Declaration of Daniel Chammas as **Exhibit E.**

6. A true and correct copy of the Notice and Acknowledgement of Receipt filed by Plaintiff on May 4, 2017, is attached to the Declaration of Daniel Chammas as **Exhibit F.**

7. A true and correct copy of QDCL's Answer, which was filed by QDCL on May 16, 2017, is attached to the Declaration of Daniel Chammas as **Exhibit G.**

8. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by QDCL in this action. To

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

NOTICE OF REMOVAL
CASE NO.

QDCL's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Los Angeles County or served by any party.

9. A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court of the State of California for the County of Los Angeles, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d). By removing the action to this Court, QDCL does not waive any defenses, objections, or motions available to it under state or federal law.

### TIMELINESS OF REMOVAL

10. QDCL accepted service of the Complaint by signing the acknowledgment of receipt on April 18, 2017. (Declaration of Daniel Chammas ["Chammas Decl."], ¶ 2.) This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date when QDCL was served with a copy of the Complaint and corresponding summons. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).

### JURISDICTION

11. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. 1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. 1441(a). Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Each of these two requirements is met.

///

///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

NOTICE OF REMOVAL
CASE NO.

**Requirement No. 1:  Plaintiff is a Citizen of a State Different than QDCL**

12.   Plaintiff is a citizen of the state of California (Compl. at ¶ 1) and a citizen of the United States.

13.   QDCL is not a citizen of the state of California.  QDCL is organized and exists under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  Accordingly, QDCL is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

14.   The supposed defendants named as "DOES 1-100" are sued under fictitious names whose alleged citizenship is to be disregarded.  28 U.S.C. § 1441(b)(1).

15.   The diversity requirement, therefore, is satisfied.

**Requirement No. 2:  The Amount in Controversy Exceeds $75,000**

16.   A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. ___, 135 S. Ct. 547, 554 (2014).  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).[1]  Here, the Court can reasonably ascertain from Plaintiff's complaint and her prayer for relief that the

---

[1] The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee,* 135 S. Ct. at 554.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.

amount in controversy exceeds $75,000. The assertions of QDCL herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to QDCL. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does QDCL need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

17. Here, QDCL can easily meet its burden of establishing that the amount in controversy exceeds $75,000. Plaintiff's demand for economic damages, non-economic damages, punitive damages, and attorneys' fees puts more than $75,000 at stake in this litigation. *See Gonzales v. CarMax Auto Superstores, LLC*, 2016 WL 6122776, *3 (9th Cir. Oct. 20, 2016) ("We have defined the amount in controversy as the amount at stake in the underlying litigation…") (citations omitted).

18. **Economic Damages**:

**Back Pay.** Plaintiff alleges that, as a result of QDCL's alleged actions, "Plaintiff has suffered special damages, including but not limited to past and future loss of income, benefits, and other damages to be proven at the time of trial." (Compl., ¶ 32.) Plaintiff was allegedly terminated on October 9, 2015 (*Id.*, ¶ 21.) Plaintiff worked full-time (40 hours per week, 5 days per week), earning $40.50 per hour.

///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

NOTICE OF REMOVAL
CASE NO.

i.      **Measured until date of removal.**

There have been approximately 84 weeks and 3 days between Plaintiff's termination and the time of removal. Plaintiff's claim for back pay during this time period therefore totals $136,890.00. ($40.50 x 40 hours x 84.5 weeks). This by itself exceeds the amount in controversy.

ii.     **Measured until date of likely judgment.**

In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment. *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, *4 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, *2, n.1 (E.D. Cal. Jun 1, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.")

Here, the median time from the filing of a complaint until trial in the Central District of California is 20.7 months or 20 months and 3 weeks. *See* United States Courts Statistics, http://www.uscourts.gov/Statistics.aspx (last visited March 29, 2017). With a removal of May 19, 2017, that would mean an estimated trial date of February 9, 2019—more than 3 years following her termination.

There will be approximately 174 weeks between Plaintiff's termination and the estimated trial date. Plaintiff's claim for back pay during this time period therefore totals $281,880.00. ($40.50 x 40 hours x 174 weeks). This by itself exceeds the amount in controversy.

19.     **Non-economic Damages**. Plaintiff alleges that, as a result of QDCL's alleged conduct, "Plaintiff has suffered general damages including but not limited

to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress, and other damages." (Compl., ¶ 33.) "[E]motional distress damages in disability discrimination cases can be substantial even when lost wages fall short of the jurisdictional minimum." *Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, *7 (C.D. Cal. Oct. 10, 2013). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

20.    Jury verdicts in employment discrimination cases make clear that emotional distress is frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages. *See Saccio v. Romasanta*, 2016 WL 7118673 Case No. 15CV00672, Superior Court, Santa Barbara County (November 22, 2016) (in age discrimination action, jury awards $75,000 in non-economic damages, but less than $70,000 in economic damages); *Abe v. Symantec Corporation*, 2016 WL 6883223 Case No. BC547652, Superior Court, Los Angeles County (July 22, 2016) (verdict in pregnancy, gender and disability discrimination case for $50,000 in "pain and suffering," but only $25,003 in back-pay); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic

damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Perona v. Time Warner Cable, Inc.*, 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and failure to accommodate case for $80,000 in "noneconomic damages," and $80,000 in economic damages).

21. **Punitive Damages.** Plaintiff alleges that QDCL's alleged acts were undertaken "maliciously, fraudulently, and oppressively in conscious disregard for [sic] Plaintiff's rights and such acts were committed by and/or ratified by, and/or were committed with the knowledge of the employee's lack of fitness in the workplace but were allowed to proceed by officers, directors, and/or managing agents of Defendant. Plaintiff is, therefore, entitled to recover punitive damages from Defendant in an amount according to proof at trial." (Compl., ¶ 35.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). "Punitive damages…in disability discrimination cases can be substantial even when lost wages fall short of the jurisdictional minimum." *Hurd*, 2013 WL 5575073, *7 (C.D. Cal. Oct. 10, 2013).

22. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.

*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). "The fact that [the verdicts come from] cases involve[ing] distinguishable facts is not dispositive." *Id. See id.* ("Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Although the facts of the instant action are far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award.").

23.    Jury verdicts in employment discrimination cases demonstrate that punitive damages are frequently awarded in an amount significantly higher than the underlying economic damages. *See Flores v. Office Depot Inc.*, 2017 WL 773850 Case No. BC556173 , Superior Court, Los Angeles County (February 6, 2017) (verdict in disability discrimination case, failure to prevent discrimination and retaliation, and violation of the California Family Rights Act (CFRA) case for $10,000,000 where the jury awarded the Plaintiff $8,000,000 in punitive damages, but only $2,000,000 in economic damages) *Frederick v. Pacwest Security Services, 2015 WL 4771465,* Case No. BC534353, Superior Court, Los Angeles County (July 15, 2015) (verdict in disability discrimination case, failure to accommodate, failure to engage in interactive process case for $78,000 where the jury awarded the Plaintiff $63,000 in punitive damages, but only $15,000 in economic damages) *Escoto* (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $75,000 in punitive damages but only $12,000 in back pay); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (a jury awarded the plaintiff $131,700 in back pay, and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

NOTICE OF REMOVAL
CASE NO.

a pregnant employee); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $284,000 in compensatory damages and $1,000,000 in punitive damages to an employee terminated due to his age and disability).

24.    Further, a punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

25.    **Attorneys' Fees**. Attorneys' fees may be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party." *Ponce v. Medical Eyeglass Center Inc.*, 2015 WL 4554336, *2 (C.D. Cal. Jul. 27, 2015). "[A] conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination." *Id.* at *3. *See also Simmons*, 209 F. Supp. 2d at 1034-35 ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative.  Plaintiff is mistaken...[F]ees necessarily accrue until the action is resolved.  Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal...[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred.").  Further, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they likely will at exceed the damages award. *See id.*, at 1035 ("The court notes that in its twenty-lus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.

26.    **Total Amount in Controversy**. Quest Diagnostics has met its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff's claim for back pay damages amounts to at least $136,890.00.  This means that, even without any demand for emotional

distress damages, punitive damages, and attorney's fees, the amount in controversy is satisfied with back pay wages alone.

## VENUE

27.    Los Angeles, California is located within the Central District of California.  Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(3) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

## INTRA-DISTRICT ASSIGNMENT

28.    Pursuant to C.D. Cal. General Order No. 14-03, Section I.B.1.b, because this action arises in Los Angeles County, it should be assigned to a judge sitting within the Western division of the Central District of California.

WHEREFORE, QDCL prays that the Court remove this civil action from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California.

Dated: May 17, 2017

Respectfully submitted,

FORD & HARRISON, LLP

By: _____
Daniel Chammas
Hilda Aguilar
Attorneys for Defendant
QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

NOTICE OF REMOVAL
CASE NO.

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On May 17, 2017, I served a copy of the within document(s):

### NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT

[X] ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Sean M. Kneafsey
Joyce J. Choi
The Kneafsey Firm, Inc.
800 Wilshire Blvd., Suite 710
Los Angeles, CA 90017
Telephone: (213) 892-1200
Facsimile: (213) 892-1208
Email: skneafsey@kneafseyfirm.com
          jchoi@kneafseyfirm.com

Jeremy Pasternak
Law Offices of Jeremy Pasternak
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Telephone: (415) 693-0300
Facsimile: (415) 693-0393
Email:     jdp@pasternaklaw.com

Attorneys for Plaintiff
Fe Palomique

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on May 17, 2017, at Los Angeles, California.

_____
Anne Moreno

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

NOTICE OF REMOVAL
CASE NO.